## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No.:

**BRANDON RANDALL**

      Plaintiff,

v.

**JPMORGAN and CO., a Delaware Corporation
a/k/a/ JPMorgan Chase Bank, N.A.**

      Defendant.

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 47 U.S.C. § 227 *et seq.*

2. This action arises out of Defendant's repeated and intentional violations of the Telephone Consumer Protection Act (TCPA) of 1991, 47 U.S.C.§227 *et seq.*

3. This Court has original jurisdiction over the subject matter of this case, *Mims v. Arrow Fin. Serv.*, LLC, 132 S.Ct. 740 (2012).

4. The Court has supplemental jurisdiction to hear the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as said claims arise from the same transactions and occurrences.

### VENUE

5. Venue is proper in this District.

6. The acts and transactions occurred in this District.

7. The Plaintiff resides in this District.

8. The Defendant transacts business in this Judicial District.

9. The Defendant has a registered agent in Colorado located at 1675 Broadway, Suite 1200, Denver, Colorado 80202.

## PARTIES

10. Plaintiff Brandon Randall is a natural person who resides in the City and County of Denver, State of Colorado.

11. Defendant JPMorgan and CO. (hereinafter "Defendant") is a Delaware Corporation operating from an address of 270 Park Avenue, New York, New York.

12. According to the Defendant's most recent United States Securities and Exchange Commission Form 10-K, the Defendant operates branches in 23 states, including Colorado.

## TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. §227

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of Section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. The Defendant, using an autodialer, has contacted the Plaintiff on his cellular telephone almost daily for the past twelve months concerning the account of another individual that is unknown to the Plaintiff.

16. At no time has the Plaintiff given express consent to the Defendant to contact him via his cellular telephone.

## FACTUAL ALLEGATIONS

17. The Plaintiff has a cellular telephone that he uses exclusively for private purposes.

18. The Plaintiff has no business relationship with the Defendant.

19. The Plaintiff has had the same cellular telephone number for over one year.

20. Beginning approximately November, 2011, the Defendant, using automated dialing equipment, started calling the Plaintiff on his cellular telephone almost daily between the hours of 5:00 a.m. (Mountain) and 5:30 a.m. (Mountain).

21. When the Plaintiff would answer the incoming call he would hear the Defendant's synthesized voice messaging system advising that the call was related to an overdrawn account for an individual that was unknown to the Plaintiff.

22. When the Plaintiff would ignore the incoming call, the Defendant's automated equipment would leave a synthesized recording on the Plaintiff's voice messaging system, again discussing an overdrawn Chase Bank account.

23. The Plaintiff has contacted the Defendant numerous times to try and get them to remove his cellular telephone number for their automated telephone dialing equipment.

24. The Plaintiff's efforts to stop the Defendant' illegal conduct include sending letters to the Defendant, calling the Defendant and texting the Defendant's return telephone numbers.

25. Despite the Plaintiff's efforts, the Defendant continues its nearly daily harassment of the Plaintiff and his family.

26. In addition to the telephone calls, the Defendant also sends text messages to the Plaintiff's cellular telephone.

27. The actions of the Defendant are willful and intentional.

28. The Plaintiff has a cellular telephone service where charges are incurred for the use of texting, placing and receiving telephone calls, even if the texts and telephone calls are unwanted.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C.§227 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

31. The Plaintiff is entitled to statutory damages of $500.00 per violation of the TCPA.

32. If the Plaintiff, in the course of discovery or at trial, can establish that the Defendant knowingly and/or willfully violated the TCPA, the Plaintiff is entitled to $1,500.00 per violation of the TCPA.

### COUNT II.

INVASION OF PRIVACY

(Unreasonable Intrusion upon the Seclusion of Another)

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendant has intentionally intruded, physically or otherwise upon the seclusion and solitude of the plaintiff.

35. Such intrusion would be offensive or objectionable to a reasonable person.

36. The invasion has caused the Plaintiff to lose sleep, lose the use of his cellular telephone, has disrupted the Plaintiff's private family time and often causes his infant child distress.

## COUNT III.

### INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant intended to cause plaintiff to suffer emotional distress, and/or was engaged in outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress and intimidation.

39. As a direct and proximate result of defendant's outrageous conduct, plaintiff suffered mental distress, mental suffering, and/or mental anguish, including sleeplessness, nervousness, grief, anger and anxiety.

40. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

### **TRIAL BY JURY**

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. For compensatory damages;

2. For statutory damages;

3. For punitive damages;

4. For injunctive relief, restitution, and disgorgement of ill-gotten gains;

5. For pre-judgment interest to the extent permitted by law;

6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

7. For such other and further relief as the Court may deem just.

Respectfully submitted,

s/Troy D. Krenning
Troy D. Krenning, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com

s/Jill Gookin
Jill Gookin, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com

s/Andrea Fulton
Andrea Fulton, Esq.
Gookin, Krenning & Associates, LLC
770 N. Lincoln Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
Attorneys for Plaintiff